```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 13-2449(DSD/JJK)
```

Jerome Emmanuel Davis,

       Petitioner,

v.                                                          **ORDER**

Warden K. Grandlienard,

       Respondent.

      Jerome Emmanuel Davis, #215587, MN Correctional Facility, 5329 Osgood Avenue North, Stillwater, MN 55082, pro se.

      Jean E. Burdorf, Assistant Hennepin County Attorney, 300 South Sixth Street, Suite A-2000, Minneapolis, MN 55487, counsel for respondent.

      This matter is before the court upon the pro se objection by petitioner Jerome Emmanuel Davis to the November 19, 2014, report and recommendation (R&R) of Magistrate Judge Jeffrey J. Keyes. The court previously adopted the R&R on December 8, 2014, noting that Davis had not timely objected.  ECF No. 41.  Davis then filed objections, and the court vacated its previous order.  ECF Nos. 42, 43.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court overrules the objection and adopts the R&R in its entirety.

## BACKGROUND

      The background of this case is fully set forth in the R&R, and the court recites only those facts necessary to resolve the present

objections.  On April 30, 2009, Davis was indicted in Hennepin County, Minnesota, on one count of aiding and abetting first-degree felony murder, in violation of Minnesota Statutes § 609.185(a)(3). State v. Davis, 820 N.W.2d 525, 528-33 (Minn. 2012).  A jury convicted Davis, and he was sentenced to a life term of imprisonment.  Id. at 533.  Davis appealed his conviction and the Minnesota Supreme Court affirmed.  Id.  On September 6, 2013, Davis filed a petition for writ of habeas corpus in federal court.  On November 19, 2014, the magistrate judge recommended that the court deny the petition, dismiss this action with prejudice, and grant a certificate of appealability on one of the asserted grounds for relief.  ECF No. 40.  Davis now objects.[1]

**DISCUSSION**

The court conducts a de novo review of any portion of the magistrate judge's R&R to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  A federal court may grant a state prisoner's habeas petition if the state court proceeding resulted in a decision "that was contrary to, or involved an unreasonable application of,

---

[1] In addition to dismissing his arguments on the merits, the magistrate judge found that Davis had procedurally defaulted some of his claims.  "A claim is procedurally defaulted if not fairly presented in state court before raising it in federal court." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005).  The court agrees that Davis's claims as to Jovan Gentle's fear testimony and other uncorroborated witness testimony are defaulted.

clearly established Federal law" or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

**I.   Factual Objection**

Davis first objects to the factual background set forth in the R&R.  Specifically, Davis requests the court to strike the following: "According to Gentle, Davis had two passengers: a person he identified as 'Fifty,' and Toriano Dorman."  See ECF No. 40, at 2.  That sentence was quoted from the Minnesota Supreme Court opinion affirming his conviction.  See Davis, 820 N.W.2d at 528. When reviewing a state court conviction, "a federal court ... presumes that the state court's factual determinations are correct," and that "presumption may be rebutted only by clear and convincing evidence."  Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).  Davis presents no evidence, and the court finds none, showing any error in that particular factual determination.  As a result, the court overrules the objection.

**II.  Compulsory Process**

Davis next argues that his right to compulsory process was violated when two potential witnesses were deported before trial. To establish a violation of his compulsory process rights, Davis "must at least make some plausible showing of how [the witnesses'] testimony would have been both material and favorable to his

defense." United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). As correctly noted by the magistrate judge, Davis merely speculates that the witnesses would have presented favorable testimony, but he does not point to any evidence in the record to support this speculation.[2] Davis has not made a plausible showing that his compulsory process rights were violated, and as a result, the Minnesota Supreme Court's determination that this argument "lack[ed] merit" was not unreasonable. See 28 U.S.C. § 2254(d); Davis, 820 N.W.2d at 539. The court therefore overrules the objection.

**III. False Testimony**

Davis next objects to the determination that Jovan Gentle - who was with Davis on the day of the offense - did not knowingly testify falsely, and that the prosecution did not knowingly use perjured testimony. Davis restates the arguments made before the magistrate judge. After a de novo review, the court agrees with the reasoning of the magistrate judge. While it is true that Gentle's testimony at times contradicts previous statements made to the police, as well as other evidence, the record does not show that the testimony was knowingly false or that the prosecution

---

[2] Davis also argues that he had no chance to interview the witnesses to determine what testimony they could offer. Although the inability to interview a witness prior to deportation "may well support a relaxation of the specificity required in showing materiality," it does not allow "for wholly dispensing with such a showing." Valenzuela-Bernal, 458 U.S. at 870.

4

knowingly used perjured testimony.  See Blair v. Armontrout, 916 F.2d 1310, 1316 (8th Cir. 1990).  As a result, the court overrules the objection.

## IV. Miranda Arguments

Davis next argues that it was not harmless beyond a reasonable doubt for the trial court to admit certain statements made during his post-arrest interrogation.  Davis was arrested on an unrelated assault charge one week after the murder, and was interrogated by Officer Christopher Karakostas.  See Davis, 820 N.W.2d at 531.  At the beginning of the interrogation, Karakostas read Davis his Miranda rights, Davis indicated that he understood, and Karakostas questioned him about the assault.  Id.  The questioning then shifted to the murder and Davis invoked his right to remain silent. Id.  Davis eventually agreed to talk, and after he was read his Miranda rights again, he admitted to being at the scene of the murder.  Id. at 531-32.  The Minnesota Supreme Court assumed that it was error to admit the statements made after Davis had invoked his Miranda rights, but found that any error was harmless beyond a reasonable doubt.  Id. at 533-34.  After a de novo review, the court agrees that this determination was not unreasonable.  See 28 U.S.C. § 2254(d).  The court will, however, grant a certificate of appealability on this issue, as recommended by the magistrate judge.

5

Davis also objects to the determination that he did not fairly present an argument that his entire statement, including statements made before he invoked his right to remain silent, should have been suppressed. The court agrees that Davis did not raise this argument in his state proceeding, which focused entirely on his post-invocation statements. See ECF No. 32-5, at 31-41. As a result, the court overrules the objections.

**V.   Self-Incrimination and No-Adverse-Influence Instruction**

Davis next argues that the trial court violated his right to be free from self-incrimination when it gave an unsolicited no-adverse-influence instruction. The magistrate judge properly concluded that the instruction did not violate Davis's right to be free from self-incrimination nor cause him any harm that would warrant habeas relief. See Lakeside v. Oregon, 435 U.S. 333, 340-41 (1978) (holding that to give a no-adverse-inference "instruction over the defendant's objection does not violate the privilege against compulsory self-incrimination"); Edwards v. Roper, 688 F.3d 449, 461 (8th Cir. 2012) ("[H]abeas relief is proper only if an error had a substantial and injurious effect or influence in determining the jury's verdict."). The court therefore overrules the objection.

**VI.   Exclusion of Exonerating Statements**

Davis next argues that his federal due process rights were violated when the trial court excluded as hearsay certain

statements made to the police by two witnesses. Those witnesses reported seeing "two black guys running away from the scene," but they were never asked if the men were carrying a tub filled with marijuana. Davis intended to use the statements to undermine testimony that he committed an aggravated robbery, which was the predicate offense for his felony-murder conviction. See Davis, 280 N.W.2d at 532-33. "[A] defendant has a constitutional right to proffer exonerating statements, that would otherwise be hearsay, if they were made under circumstances providing 'considerable assurance of their reliability.'" Skillicorn v. Luebbers, 475 F.3d 965, 970 (8th Cir. 2007) (quoting Chambers v. Mississippi, 410 U.S. 284, 300 (1973)). Although the trial court did not evaluate whether the statements were inadmissible under a federal constitutional standard, the magistrate judge determined that the circumstances surrounding the statements did not provide considerable assurance of their reliability. In particular, neither witness volunteered to speak with the police, the statements were not given under oath or subject to cross-examination or penalty of perjury, and the statements were not corroborated. The magistrate judge also determined that any error in not admitting the statements was harmless beyond a reasonable doubt, noting the strength of the prosecution's case. See Middleton v. Roper, 455 F.3d 838, 857 (8th Cir. 2006) (applying a "harmless beyond a reasonable doubt" standard to evaluate the

effect of an alleged evidentiary error on a federal constitutional right, where it was unclear whether the trial court analyzed the issue under a constitutional standard).

Davis objects to the characterization of the statements as unreliable. Specifically, he notes that the witnesses did not refuse to speak to the police, they were not pressured into speaking, they had no motivation to lie, and they were the only independent witnesses who saw what happened immediately after the shooting. Moreover, Davis argues that refusing to admit the statements influenced the jury's verdict because the robbery was central to his felony-murder conviction.

Although the circumstances that Davis puts forth lend credibility to the witnesses' statements, the court does not find that Davis's due process rights were violated. The magistrate judge properly found that none of the indicia of reliability set forth in Chambers were present. See Chambers, 410 U.S. at 300-01 (noting that the statements were spontaneously made to a close acquaintance shortly after the murder, were corroborated, and were "unquestionably against interest"). Although the robbery was a crucial element of Davis's conviction, the court agrees that these statements were of minor importance in light of the evidence offered by the prosecution. As a result, the court overrules the objection.

**VII. Gentle's Fear Testimony**

Davis next argues that his constitutional rights were violated when Gentle stated at trial that he believed his life was at risk by testifying. Assuming that it was constitutional error to admit this statement without a limiting instruction, Davis still fails to show that this error "had a substantial and injurious effect or influence in determining the jury's verdict." Edwards, 688 F.3d at 461; see also Davis, 820 N.W.2d at 535 (explaining why it was "highly unlikely that Gentle's brief expression of fear had a significant effect on the verdict"). As a result, the court overrules the objection.

**VIII. Inconsistent Guilty Plea**

Davis next argues that his conviction for first-degree felony murder is inconsistent with his co-defendant's guilty plea to second-degree murder. Because the co-defendant admitted to shooting and killing the victim, Davis argues that he could not have been convicted under Minnesota Statutes § 609.185(a)(3), which he claims does not establish liability for aiding and abetting murder. Davis appears to misunderstand the relationship between the felony-murder and aiding-and-abetting statutes. The aiding-and-abetting statute provides that, even if another person committed the act underlying the first-degree felony murder, one is still liable if he "intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the

9

crime." Minn. Stat. § 609.05. The trial court instructed the jury accordingly. See ECF No. 32-4, at 176-80. Moreover, even if the jury did determine that Davis pulled the trigger, "inconsistent jury verdicts ... are constitutionally permissible, and do not present a question for federal habeas review." Oakes v. Conway, No. 10-CV-0318, 2011 WL 3236201, at *8 (W.D.N.Y. July 28, 2011) (compiling cases). As a result, the court overrules the objection.

## IX.  Brady Violation

Davis next argues that the prosecution committed a Brady violation by not disclosing transcripts from interviews that the police conducted with Gentle. "To show a Brady violation, the defendant must establish that (1) the evidence was favorable to defendant, (2) the evidence was material to guilt, and (3) the government suppressed the evidence." United States v. Ladoucer, 573 F.3d 628, 636 (8th Cir. 2009) (citation and internal quotation marks omitted). The magistrate judge found that Davis failed to show that the transcripts existed and that they would be material to his guilt. Davis disagrees with the magistrate judge's materiality finding, but he still has not shown that there were any transcripts for the prosecution to disclose. As a result, the court overrules the objection.[3]

---

[3] Davis also argues that the police were required to record the interviews under State v. Scales, 518 N.W.2d 587, 592 (Minn. 1994) (requiring that all custodial interrogations be recorded where feasible). The magistrate judge correctly found that
(continued...)

**X.   Uncorroborated Witness Testimony**

Davis next argues that his conviction was unconstitutional because it was based on uncorroborated witness testimony. See Minn. Stat. § 634.04 (prohibiting a conviction based on accomplice testimony unless corroborated by other evidence that "tends to convict the defendant of the commission of the offense"). A violation of a state law regarding accomplice testimony, however, does not warrant federal habeas relief. See Harrington v. Nix, 983 F.2d 872, 874 (8th Cir. 1993) ("[S]tate laws requiring corroboration do not implicate constitutional concerns that can be addressed on habeas review."). The objection is therefore overruled.

**XI.  Ineffective Assistance of Counsel**

Davis next argues that his trial counsel was ineffective by failing to interview a potential witness. To show ineffective assistance of counsel for failure to interview, Davis must "make a substantial showing that, but for counsel's failure to interview ... there is a reasonable probability that the result of his trial would have been different." United States v. Vazquez-Garcia, 211 F. App'x 544, 546 (8th Cir. Jan. 9, 2007). The magistrate judge found that Davis merely speculated as to the potential witness's

---

[3](...continued)
Scales does not provide a basis for federal habeas relief. Buckingham v. Sims, No. 11-CV-2489, 2012 WL 3611893, at *1 n.2 (D. Minn. Aug. 21, 2012).

testimony, but this speculation was not supported by the witness's statements to the police. See id. (denying ineffective assistance claim where defendant failed to provide "affidavits or any other information" to the court as to the potential testimony of a witness); Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989) (same). The court agrees, and as a result, overrules the objection.

## XII. Prosecutorial Misconduct

Davis next argues that his conviction should be vacated because of prosecutorial misconduct. In his petition, Davis raised four instances in which the prosecutor allegedly misstated the evidence. The court agrees with the magistrate judge that any assumed error by the prosecutor in those four instances would be insufficient to warrant federal habeas relief. See Kennedy v. Kemna, 666 F.3d 472, 481 (8th Cir. 2012) (noting that habeas relief based on prosecutorial misconduct "will be granted only upon a showing of a reasonable probability that the outcome would have been different but for the improper statement[s]") (citation and internal quotation marks omitted)).

Davis also points to thirty other specific instances that he argues show prosecutorial misconduct. Davis raised these same instances on direct appeal, and they were summarily rejected. See Davis, 820 N.W.2d at 539; see also ECF No. 13, at 87-98; ECF No. 32-6, at 41-47; ECF No. 42, at 22. The court finds that the

Minnesota Supreme Court's rejection of his arguments was not unreasonable and does not provide a basis for habeas relief. See 28 U.S.C. § 2254(d). As a result, the court overrules the objection.

### XIII. Batson Challenge

Davis next objects to the determination that he defaulted on his Batson challenge because he failed to timely object. "Ordinarily, a claim that peremptory challenges have been exercised in a discriminatory manner is procedurally defaulted if there has been no timely objection." Carter v. Hopkins, 151 F.3d 872, 875 n.8 (8th Cir. 1998). A Batson challenge is timely if made "before the venire is dismissed and before the trial commences." United States v. Parham, 16 F.3d 844, 847 (8th Cir. 1994). As noted by the magistrate judge, Davis did not make a Batson challenge at trial. His objection is therefore overruled.

### XIV. Cumulative Error

Finally, Davis argues that the cumulative effect of the alleged errors warrants habeas relief. Cumulative error, however, "does not call for habeas relief, as each habeas claim must stand or fall on its own." Henderson v. Norris, 118 F.3d 1283, 1288 (8th Cir. 1997) (citation and internal quotation marks omitted). As a result, the objection is overruled.

## XV. Certificate of Appealability

To warrant a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Although the court is firmly convinced that Davis's claims are baseless, the court will grant a certificate of appealability as to his Miranda claim, as discussed above.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Petitioner's objection [ECF No. 42] to the magistrate judge's report and recommendation is overruled;

2. The magistrate judge's report and recommendation [ECF No. 40] is adopted in its entirety;

3. Petitioner's application for writ of habeas corpus [ECF No. 1] is denied;

4. The request for an evidentiary hearing [ECF No. 12] is denied;

5. This action is dismissed with prejudice; and

6. A certificate of appealability is granted only as to the following question: Was the Minnesota Supreme Court's finding

objectively unreasonable that any error in admitting Davis's statements from interrogation after his invocation of his right to silence was harmless beyond a reasonable doubt?

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 31, 2015

                                          <u>s/David S. Doty</u>
                                          David S. Doty, Judge
                                          United States District Court